ANDREW RATLIFF *v.* FANNIE THOMSON.

1. DEPOSITION. *Authentication. Exception.*
   Under Code 1880, § 1620, all objections to depositions, except for incompetency or irrelevancy of the evidence, are waived unless made in writing and filed before the trial commences.

2. SAME. *Practice. Waiver.*
   An amplification of a witness's answers, attached to his deposition in which he swears to its truth, will not be excluded on objection first made at the trial, although not signed by the witness or certified by the commissioner.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

In this action by the appellee for rent, the only question was one of fact, whether the appellant held the land as owner or as lessee. The deposition of R. Thomson, a resident of Florida, was filed on January 18, 1883, and consisted at the time of five answers, in one of which he merely stated Ratliff's contract to pay the rent, and for a fuller understanding of all matters relating to the contract referred " to the annexed exhibit marked A," which was fastened to the answers, after the commissioner's certificate and before his receipted bill for his services. Exhibit A, which was responsive to the

questions, was a full explanation by the witness of the character in which Ratliff held the land, showing that a sale under which he once claimed was rescinded before the year for which rent was due, and this paper, the witness further testified, set forth the result of all negotiations between the parties. At the trial, September 11, 1883, after the plaintiff had read the answers, the defendant objected, for the first time, to the consideration of exhibit A, on the ground of its lack of verification ; but the court, which was trying the case in lieu of a jury, held that the exhibit was evidence. Ratliff then testified that he never contracted to pay rent, but that his possession was by virtue of the sale, which was not rescinded. Each witness was supported by circumstances, and the court gave judgment for the plaintiff.

*Nugent & McWillie*, for the appellant.

The explanation tacked to the end of the deposition, and marked exhibit A, is not testimony. It was not taken in accordance with Code 1880, § 1614. Who wrote this paper does not appear, but it is referred to by the witness as already written when he makes his answers. It follows the certificate, and nothing in the caption serves to identify it as part of the evidence. If previously prepared writings can be thus added, the direct questions afford no basis for cross-examination. Moreover, this practice opens the door to fraud, because any paper can thus be added. *Winooskie Turnpike Co.* v. *Ridley*, 8 Vt. 404. The statute is intended to operate as a protection against improper acts both of the commissioner and witness, and the subscription of the latter must come in to aid the certificate of the former. A corrupt commissioner at the instance of either party could append after the witness's signature an exhibit purporting to be the one referred to that might wholly misrepresent the witness. *McEntire* v. *Henderson*, 1 Penn. St. 402 ; *Thompson* v. *Haile*, 12 Texas 139 ; *Shed* v. *Leslie*, 22 Vt. 498 ; *Flanders* v. *Davis*, 19 N. H. 139 ; *Merrill* v. *Palmer*, 13 N. H. 185 ; *Myers* v. *Anderson's Heirs*, Wright (Ohio) 513 ; *Moulson* v. *Hargrave*, 1 Serg. & R. 201 ; *Floyd* v. *Mintsey*, 7 Rich. 181 ; *Mosely* v. *Mosely*, Cam. & N. 521.

*Thomas A. McWillie*, on the same side, argued the case orally.

*J. A. Brown,* for the appellee, filed a brief and made an oral argument.

The commissioner in Florida sent the explanation of the testimony marked exhibit A, attached to the answers, and as part of them. The identity of this paper is shown by the mark upon it, and the truth of its statements is sworn to by the witness. Lack of verification is the specific objection, but it is verified twice by the witness. No objection to its authentication was made in the lower court, and this point cannot be first raised here. *Hartford Fire Ins. Co.* v. *Green,* 52 Miss. 332. As no exception was filed before the trial, under Code 1880, § 1620, all objections, except to the competency and relevancy of the testimony, were waived when the trial commenced. *Herndon* v. *Bryant,* 39 Miss. 335. Therefore, an objection to the authentication is unavailing.

CHALMERS, J., delivered the opinion of the court.

The paper marked exhibit A, attached to the deposition of R. Thomson, was in no proper sense of the word an exhibit, but an integral part of the deposition itself, being simply a fuller and more detailed statement of the facts briefly set forth in the responses to the interrogatories propounded. It was not signed by the witness nor authenticated by the commissioner, but it was referred to in the answers to the interrogatories as constituting a portion of the deposition. Because of the lack of authentication it should, and doubtless would, have been stricken out, if a motion to suppress had been made at the proper time. Considered as a part of the deposition, it certainly was not properly taken under the provision of § 1614, Code 1880. No motion, however, was made to suppress it under § 1620, which declares that no objections, except "for incompetency or irrelevancy," shall be taken to depositions, unless they be made in writing and filed before the trial, and a motion to suppress shall be disposed of before the trial commences. The object of this statute is to confine the parties at the trial, in objections to the depositions, to matters of competency and relevancy only, these being matters which inhere in the evidence and cannot be cured in any way by the party offering the deposition.

As to everything which relates to the form pursued in taking or authenticating or certifying or returning depositions, or generally speaking, as to everything which might be cured by re-taking them, the opposing party must make his objections known by his motion to suppress in advance, in order that the party relying upon them may, before going into the trial, make up his mind whether he will stand upon them, or re-take them, or go to trial without them. No motion to suppress having been made in this case, no objections except as to relevancy or competency could be entertained. The so-called exhibit A was evidently attached to the deposition in this case as a part of it, was so spoken of by the witness, and so regarded by the commissioner. Not having been suppressed on motion, it could not be objected to at the trial.

*Affirmed.*

COOPER, J., having formerly been consulted about this case, did not participate in its decision.